[No. 19589.    Department Two.—February 28, 1896.]

# CHARLES C. ALBERT, PLAINTIFF, *v.* CHARLES J. HOBLER, DEFENDANT.

SCHOOL LANDS—PRIORITY OF RIGHT TO PURCHASE—SUITABLENESS FOR CUL-
TIVATION—QUESTION OF FACT.—Where school land applied for is not
suitable for cultivation, the first applicant in point of time is entitled to
purchase it from the state, without being an actual settler thereon; but
if it is suitable for cultivation, only one who has settled upon and oc-
cupied it is entitled to purchase it; and whether the land is suitable
for cultivation or not is a question of fact.

ID.—ORDINARY CROPS NOT REQUIRED.—The production of ordinary agri-
cultural crops in average quantities, by the ordinary processes of till-
age, is not required in order to render the land suitable for cultivation,
but it is sufficient that the lands are ready for occupation, and by ordi-
nary farming processes are fit for agricultural purposes.

ID.—CONTEST—APPLICATION BY SETTLER—ADVERSE OCCUPANT—PLEADING
AND PROOF—SECTIONIZING OF LAND.—Upon a contest between appli-
cants for the purchase of school lands, which are suitable for cultivation,
where the plaintiff is an actual settler upon the land, upon which there
was no adverse occupant at the time of his application, it is not material
whether the township had been sectionized and the plat filed more than
sixty days prior to plaintiff's application; and the allegation of that
fact in the complaint and proof thereof upon the trial is unnecessary,
such allegation and proof being required only when there is an adverse
occupant at the time of the application.

APPEAL from a judgment of the Superior Court of
Kern County and from an order denying a new trial.
A. R. CONKLIN, Judge.

The facts are stated in the opinion.

*E. T. Cosper*, and *J. W. Wiley*, for Appellant.

*J. A. Hannah*, for Respondent.

HAYNES, C.—This action is prosecuted to determine
the conflicting claims of plaintiff and defendant as to
their respective rights to purchase from the state of
California certain school lands, viz., the northeast quar-
ter of section 8, township 25 south, range 26 east, Mt.
Diablo base and meridian, and arises upon a contest
initiated in the office of the surveyor general of said

state, and by him referred to the superior court of Kern county for trial.

Findings and judgment went in favor of the plaintiff, and the defendant appeals from the judgment and from an order denying his motion for a new trial.

Both parties applied to purchase the land in question, and both applications were regular and sufficient in form; and the question as to which party is entitled to purchase it depends upon the character of the land. The defendant's application was first in point of time, and if the land "is not suitable for cultivation," as he alleged in his application, he was entitled to purchase without being an actual settler thereon; but if said land "is suitable for cultivation," as plaintiff alleged in his application, he, having settled upon and occupied it, is entitled to purchase it.

But two questions are discussed in appellant's brief: 1. That the evidence is insufficient to justify the finding that the land in question "is suitable for cultivation"; and 2. That the township plat put in evidence by the plaintiff did not prove that said land had been sectionized and selected by the state more than three months before his application to purchase as alleged in the complaint.

1. Whether said land "is suitable for cultivation" is a question of fact. (*Dillon* v. *Saloude*, 68 Cal. 271; *Fulton* v. *Brannan*, 88 Cal. 456.)

Several witnesses called by the plaintiff testified that it was; while witnesses called for defendant testified that it had been cultivated for seven successive years, and that it would not, by the ordinary processes of tillage, produce ordinary agricultural crops in average quantities.

That the land in question is suitable for cultivation is therefore clearly proved, unless the production of ordinary agricultural crops in average quantities, by the ordinary processes of tillage, is the test by which it is to be determined.

That is the test prescribed in section 3495 of the

Political Code; but in *Fulton* v. *Brannan, supra,* after quoting sections 2 and 3 of article XVII of the constitution of this state, and declaring the general policy to be that lands should be held in small tracts, and constitute homes for its owners, it was said: "No narrow construction of the only words in the section (Const., art. XVII, sec. 3) open to construction—'suitable for cultivation'—should limit this policy. The effort should be rather to extend than to restrict, for the policy is plainly that the section should include all, so far as possible. The constitution classifies all lands as suitable or not suitable for cultivation. For the purposes of this section neither the legislature nor the courts can classify them otherwise, and it must follow that whether a particular tract belongs to the one class or the other must always be a question of fact."

In *Manley* v. *Cunningham,* 72 Cal. 236, it was said: "The phrase, 'suitable for cultivation,' includes all lands ready for occupation, and which, by ordinary farming processes, are fit for agricultural purposes."

But the precise question here made was decided in *Jacobs* v. *Walker,* 90 Cal. 43, 48. It was there said: "Nor did the fact that it would not, when cleared, produce *ordinary* agricultural crops in *average* quantities render it so. To make an average some lands must necessarily produce less than the average, while others produce more; and it would seem absurd to say that all lands producing less than the average must for that reason be held unsuitable for cultivation."

In view of these decisions it is not necessary to comment upon the inference which might be drawn from the actual cultivation of the land for seven consecutive years, and which included five seasons before and two seasons after defendant's application to purchase.

As to appellant's second point, it could only be material for the plaintiff to state in his application to purchase, or to allege in his complaint, or prove upon the trial, that the township in which the land in controversy is situated had been sectionized more than sixty

days before his application was made, where there was an "adverse occupant" at the time of his application to purchase; and, as there was no "adverse occupant," the statement that the township had been sectionized and the plat filed more than sixty days before his application was wholly immaterial, and the allegation of that fact in his complaint, and proof thereof upon the trial, was unnecessary. However, that allegation in the complaint was expressly admitted in the answer.

The evidence that plaintiff was entitled to purchase, and that the defendant was not, is satisfactory, and the general findings of the court, as well as the special findings noticed by appellant, are therefore justified by the evidence; nor do we find any errors in rulings upon the trial of which appellant could complain.

The judgment and order appealed from should be affirmed.

BRITT, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.